IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 11-0176-CG-M |
| LOYAL ADVERTISING, LLC, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on plaintiff's motion for summary judgment (Doc. 31), defendants' opposition thereto (Doc. 40), and plaintiff's reply (Doc. 41). For reasons that will be explained below, the court finds that plaintiff's motion is due to be granted.

**FACTS**

This action arises out of Promissory Notes that were executed by defendants John and Lauren Foley on behalf of defendant Loyal Advertising, LLC (Docs. 1-1, 1-5, 1-9) and Guarantees that were executed individually by defendants John and Lauren Foley (Docs. 1-2, 1-3, 1-6, 1-7, 1-10, 1-11). Plaintiff, SE Property Holdings,

1

LLC[1] alleges that Loyal Advertising defaulted on three Notes: (1) entered into on August 15, 2008 for the principal amount of $66,936.00; (2) entered into on October 29, 2008 for the principal amount of $98,069.88; and (3) entered into on December 30, 2009 for the principal amount of $79, 304.58. (Docs. 1-1, 1-5, 1-9).  The amounts allegedly owed as of February 27, 2012 on these Notes are: $60,419.90 in principal and $11,134.77 in unpaid interest on the first Note, $89,076.78 in principal and $16,175.48 in unpaid interest on the second Note, and $75,978.64 in principal and $14,001.95 on the third Note. (Doc. 34-1, ¶¶ 10, 16, 22).  Plaintiff also asserts that interest continues to accrue on these Notes at a default rate of 18% or a per diem rate of $30.21, $44.54, and $37.99 respectively. (Doc. 34-1, ¶¶ 11, 17, 23). Additionally, plaintiff contends that under the terms of the Notes, it is entitled to recover reasonable attorneys fees and expenses incurred in enforcing its rights.  The affidavit of attorney Ashley E. Swink avers that plaintiff has incurred reasonable attorneys fees through the law firm of Phelps and Dunbar in the amount of $15,350.50 and reasonable expenses in the amount of $427.78. (Doc. 34-7, ¶ 5). Plaintiff has also incurred fees from attorney Charles J. Fleming in the amount of $275.00. (Doc. 34-8).

      Defendants oppose summary judgment on the basis that (1) plaintiff failed to mitigate its damages by foreclosing on defendants' property and (2) the post-

---

[1] SE Property Holdings, LLC is the successor in interest to and has been substituted for the original plaintiff, Vision Bank, pursuant to a merger that occurred on or about February 16, 2012. (Docs. 30, 35).

2

judgment interest should be at the rate specified in 28 U.S.C. § 1961(a), rather than the default rate of 18% stated in the Notes.

## DISCUSSION

**A. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: Aif the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.@  The trial court=s function is not Ato weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.@ Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  AThe mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be >sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.=" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is Awhether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.@ See Anderson, 477 U.S. at 251-252.

3

The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)). Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577

4

(11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Plaintiff's Claims**

Plaintiff's complaint asserts claims for breach of contract against Loyal Advertising for its default on the three Notes and against John and Lauren Foley on their Guaranty contracts.[2] A plaintiff can establish a claim for breach of contract by showing "(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." State Farm Fire & Cas. Co. v. Slade, 747 So.2d 293, 303 (Ala. 1999)(citing S. Med. Health Sys., Inc. v. Vaughn, 669 So.2d 98, 99 (Ala. 1995)(citations omitted)). There is no dispute that the parties entered into the Notes described above. There also appears to be no dispute that plaintiff loaned defendant the principal stated in

---

[2] The complaint also states a claim for accounting. However, plaintiff's motion, although stating that it is "as to each and every claim set forth in the Complaint", does not mention the accounting claim. The court presumes that if plaintiff is granted summary judgment on all of its breach of contract claims, that it will then have no further need to pursue the accounting claims. Thus, the court, like the parties, will not discuss the merits of the accounting claim and upon entry of judgment on the contract claim will assume that the accounting claim has been abandoned.

the agreements, that plaintiff has demanded payment from all defendants and that defendants failed to pay as required by the agreements. Defendants have also not disputed the principal amounts allegedly owed under the contracts or the amounts sought for attorneys fees and expenses. However, defendants claim that plaintiff failed to mitigate its damages and that the interest rate plaintiff seeks under the contracts should not be allowed post judgment.

### 1. Failure to Mitigate

Defendants assert that plaintiff failed to mitigate its claims by failing to foreclose upon the collateral property and offset the monies received against the Notes. Defendants argue that plaintiff has sat "idly" and allowed interest to accrue at the default rate of 18% for over a year. (Doc. 40, p. 3). "Had [plaintiff] simply foreclosed on Defendants' property at the time the loans became in default, [plaintiff] could have easily reduced or perhaps fully satisfied all of its alleged damages." (Doc. 40, p. 3). However, a plaintiff is only "legally bound to lessen the recoverable damages so far as is practicable by the use of ordinary care and diligence." Avco Financial Services, Inc. v. Ramsey, 631 So.2d 940, 942 (Ala. 1994). The rule of mitigation is applicable only where the party seeking to invoke the rule of mitigation presents evidence that the plaintiff "rejected a reasonable course of action that an ordinarily prudent person would have taken under similar circumstances to minimize the injury, damage, or loss." Id. "The rule does not apply where the injured party, in an effort to minimize the loss, would be required to incur considerable personal risk or

6

expense with but a slight chance of an alternative recovery. Id. at 942-943. The defendants have made no evidentiary showing to support a contention that plaintiff could have mitigated its damages without incurring considerable personal risk or expense.

Moreover, Courts have held that that a mortgagee does not have a duty to foreclose. As the supreme court of Alabama has stated:

> The mortgagee may pursue any course he pleases to collect the debt, whether it be a suit for a personal judgment against the debtor, or for damages against one who has wrongfully converted the mortgaged property, or otherwise destroyed his rights in it, or for a foreclosure. And he may do them all at the same time. But when he once collects his debt, by any one of those proceedings, or by a voluntary payment of it, he cannot pursue any other remedy. They are all but means to accomplish one purpose, and when that is accomplished, all the remedies, not used in so doing, are terminated.

Sloss-Sheffield Steel & Iron Co. v. Wilkes, 165 So. 764, 767 (Ala. 1936) (overruled on other grounds); see also REL Development, Inc. v. Branch Banking & Trust Co., 699 S.E.2d 779, 781 (Ga. App. 2010) (finding Bank did not fail to mitigate because it "had no obligation to pursue foreclosure proceedings but was fully authorized by both the law and the debt instruments to pursue only lawsuits against the debtors and guarantors to recover the debts."); Hancock Bank v. Boyd Bros., Inc., 2011 WL 6739294, *4 (N.D. Fla. Dec. 22, 2011) ("The loan documents entitle Plaintiff to pursue available remedies successively or concurrently. In addition, it is common practice and well settled law that a lender may first pursue a judgment on a promissory note, and then later file a separate action to foreclose the mortgage securing the note if the

judgment is not satisfied." citing Junction Bit & Tool Co. v. Village Apartments, Inc., 262 So.2d 659, 660 (Fla. 1972)).

The Notes do not require plaintiff to foreclose on the secured property before seeking payment of the amounts owed and expressly state that upon default plaintiff may require that all unpaid amounts be due and payable.  Plaintiff's decision to seek money damages instead of foreclosing is within its rights under the terms of the contracts at issue and under the laws of Alabama.

**2. Post-Judgment Interest Rate**

Defendants argue that plaintiff cannot recover post-judgment interest in excess of that allowed by 28 U.S.C. § 1961(a). This court recently discussed, in a similar case involving some of the same parties, whether the post-judgment interest rate may be altered by contract.  This court reasoned as follows:

> Post-judgment interest in a civil case is determined by 28 U.S.C. § 1961(a) which provides that the rate of interest "shall be calculated from the date of the entry of the judgment [ ] at a rate equal to the weekly average 1—year constant maturity Treasury [bill] ... for the calendar week preceding the date of the judgment." Id.; see also G.M. Brod & Co., Inc. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir.1985) (holding that § 1961 applies in diversity cases). Vision Bank contends that a different rate applies in this instance—the 18% default interest rate specified in the Note. The issue is actually twofold: (1) Can the parties override the statutory rate by agreement? (2) If so, does the contract in this case demonstrate such an agreement?
>
> Although the Eleventh Circuit has never addressed the issue, the consensus among courts that have is that parties may agree to a different post-judgment interest rate. See, e.g., FCS Advisors, Inc. v. Fair Finance Co., Inc., 605 F.3d 144, 148-149 (2nd Cir. 2010); In re Riebesell, 586 F.3d 782, 794 (10th Cir. 2009); Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc., 253 F.3d 1011, 1020 (7th Cir. 2001); In re Lift & Equip.

8

> Serv., Inc., 816 F.2d 1013, 1018 (5th Cir. 1987); Carolina Pizza Huts, Inc. v. Woodward, 67 F.3d 294 (4th Cir. 1995) (unpublished table decision). However, "federal law requires 'language expressing an intent that a particular interest rate apply to judgments or judgment debts' to be 'clear, unambiguous and unequivocal.' " Jack Henry & Associates, Inc. v. BSC, Inc., 753 F.Supp.2d 665, 670 ( quoting FCS Advisors, 605 F.3d at 148). This requirement arises from the principal that the debt is extinguished upon entry of judgment and a new debt, a judgment debt, is created. Id. "The parties must explicitly state that they are agreeing to a postjudgment interest rate." Id.
>
> The loan agreements in this case do not contain the type of "clear, unambiguous and unequivocal language" necessary to circumvent the statutory interest rate. Here, the parties merely agreed that "interest will accrue at the rate of 18.00% per year on the balance of this note not paid at maturity, including maturity by acceleration." (Doc. 1–6, p. 1 and Doc. 1–9, p. 1). Vision Bank argues that "post-maturity" includes all times after the entry of judgment. (Doc. 23, p. 14). Similar arguments have been uniformly rejected. See, e.g., In re Riebesell, 586 F.3d at 794 (contract's default interest rate provision not sufficient to override statutory rate); Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2nd Cir.2004) (contractual agreement adding 15% interest rate to arbitration award from "date payment was due" did not override statutory rate); Jack Henry, 753 F.Supp.2d at 67-672 (interest rate applicable to past due amounts insufficient). Because Loan # 93955 and Loan # 301700 do not contain an express provision for a post-judgment interest rate, Vision Bank is entitled to post-judgment interest only to the extent provided by § 1961(a).

SE Property Holdings, LLC v. Foley, 2012 WL 1382523, *5 (S.D. Ala. April 20, 2012). Under the above analysis, it does not appear that the agreements in question contain the type of clear unambiguous unequivocal language necessary to circumvent the statutory post-judgment interest rate. However, a review of plaintiff's brief reveals that plaintiff is only seeking the default interest rate of 18% up until the date of judgment. (Doc. 32, p. 17). Although plaintiff's brief states that interest continues to accrue at 18%, when it lists the amounts it seeks in damages it clearly states that the

9

accrued interest should be calculated from 02/28/2012 to the "date of entering Judgment". The court notes that in its reply brief, plaintiff did not respond to defendants' contention regarding post-judgment interest. Thus, the court concludes that plaintiff does not seek to have the contractual default-judgment interest rate applied post-judgment. Accordingly plaintiff is entitled to recover all of the damages it seeks in its summary judgment motion.

Defendants did not contest plaintiff's assertion of its right to an award of reasonable and necessary attorneys' fees and expenses, nor did they contest the amount sought. The court finds that the amounts set forth in plaintiff's brief are reasonable and necessary and should be awarded.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment (Doc. 31), is hereby **GRANTED**. Plaintiff is **ORDERED** to submit a proposed Judgment to the court with the proposed damage amounts, including interest calculated through the date of this Order, and attorneys' fees.

**DONE and ORDERED** this 15th day of June, 2012.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE